UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JOHNSON, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>FORD MOTOR COMPANY,<br><br>          Defendant. | Case No.  23-cv-01375-PCP<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

Before the Court is defendant Ford Motor Company's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), to transfer venue under 28 U.S.C. § 1404(a), and to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court concludes that venue is improper in the Northern District of California and that the balance of interest favors transfer to the Central District of California. The Court therefore grants Ford's motion to transfer this case to the Central District.[1]

## BACKGROUND

On or about November 23, 2019, the plaintiffs Aaron Johnson and Debra Johnson entered into a warranty contract with Ford Motor Company ("Ford") regarding a 2020 Ford Explorer vehicle. The Johnsons live in Los Angeles County and entered into the warranty contract there. Ford Motor Company is incorporated in Delaware and headquartered in Michigan. The Johnsons allege that Ford "knew that vehicles equipped with the same 10R60 transmission as the Subject Vehicle suffered from one or more defects that can cause the vehicles and their 10R60

---

[1] Because the Court transfers this case to the Central District, it will not reach Ford's argument that the Johnsons' fraudulent inducement-concealment claim be dismissed under Federal Rule of Civil Procedure 12(b)(6). Ford's motion to dismiss that claim under Rule 12(b)(6) remains pending for resolution by the transferee Court.

transmissions to experience hesitation and/or delayed acceleration; harsh engagement, delayed shift and/or hard shifting; [and] jerking, shuddering and/or juddering ('Transmission Defect')." First Amended Complaint ¶ 24. The Johnsons allege that they would not have acquired the 2020 Ford Explorer or would have alternatively paid less for it had they known of the Transmission Defect and the safety risks associated with it. *Id.* ¶ 31. They accordingly accuse Ford of knowingly concealing "the existence and nature of the Defect … at the time of purchase, repair, and thereafter." *Id.* ¶ 32. The Johnsons presented their vehicle to one of Ford's authorized repair facilities in Los Angeles County reporting transmission issues on five separate occasions between January 2020 and August 2021. *Id.* ¶¶ 33–37. "Despite these repair visits, FMC and its authorized dealers failed to conform the subject to FMC's warranties after a reasonable number of repair attempts and the symptoms of the Subject Vehicle's defects persisted." *Id.* ¶ 39

On these allegations, the Johnsons filed this lawsuit asserting seven causes of action against Ford, including violations of the California Song-Beverly Consumer Warranty Act, Magnuson-Moss Warranty Act, and California common law.

## LEGAL STANDARDS

A defendant may raise a defense of improper venue under Federal Rule of Civil procedure 12(b)(3). When venue is improper, district courts "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In ruling on a motion to dismiss for improper venue, the Court need not accept the allegations in the complaint as true and may consider evidence outside of the pleadings. *eBay Inc. v. Digit. Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the Court. *King v. Russel*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28

U.S.C. § 1404(a). An action "might have been brought" in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020). Courts in this district regularly consider the following factors when deciding whether to transfer a case under Section 1404(a): "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Id.*; *see Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). District courts retain "broad discretion to adjudicate motions for transfer on a case-by-case basis" and as such no individual factor is dispositive. *Ctr. for Biological Diversity & Kempthorne*, No. C08-1339CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014).

## ANALYSIS

**I.    The Court Takes Judicial Notice of Ford's Statement of Information Filed with the California Secretary of State on April 24, 2023.**

The Johnsons request that the Court take judicial notice of Ford's Statement of Information filed with the California Secretary of State on April 24, 2023. Dkt. No. 22; Dkt. No. 22-1. Under Federal Rule of Evidence 201(b)(2), the Court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under this rule, courts may take judicial notice of matters of public record, such as filings with the California Secretary of State. *See Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (taking judicial notice of a filing with the California Secretary of State). Ford does not dispute the document's authenticity, and the Court therefore grants the Johnsons' request.

3

**II.     The Northern District of California Is Not the Proper Venue for this Case.**

Ford argues that the Northern District of California is not the proper venue for this case because all of the relevant events occurred in Los Angeles County within the Central District of California. Dkt. No. 18-1, at 11. Ford maintains that it is a Delaware Corporation with its principal place of business in Michigan. *Id.* The lease of the vehicle and repair visits all occurred in Los Angeles County as well. *Id.* at 11, 12. The Johnsons argue that Ford "can be deemed to 'reside' in the Northern District of California for purposes of venue" under 28 U.S.C. § 1391(d) because Ford "maintains an office in Palo Alto and has filed paperwork with the California Secretary of State declaring the office as such." Dkt. No. 21, at 9. Accordingly, they argue that Ford's "office and personnel are sufficient contacts to subject Defendant to personal jurisdiction" in the Northern District. *Id.*

Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Pursuant to 28 U.S.C § 1391(c)(2), a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Further, "[f]or purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Accordingly, for the purposes of § 1391(b)(1), the question presented is whether the Court could exercise personal jurisdiction over Ford if the Northern District of California were its own

4

state. The pleadings and evidence establish that Ford does not reside in the Northern District of California because the Court could exercise neither general nor specific personal jurisdiction over Ford pursuant to 28 U.S.C. § 1391(b)(1).

To establish general jurisdiction over a nonresident defendant, "the defendant must engage in 'continuous and systematic general business contacts,' … that 'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). That is "an exacting standard … because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

Here, the Johnsons do not argue that Ford has "continuous and systematic general business contacts" with the Northern District of California. Rather, they argue that Ford "can be deemed to 'reside' in the Northern District of California" because Ford "has its principal place of business within the state of California located at 3200 Hillview Avenue, Palo Alto, CA 94304-1201." Dkt. No. 21, at 9 (emphasis removed). That argument is without merit as it misunderstands the definition of "principal place of business." The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93. Here, Ford is a Delaware corporation with its principal place of business in Michigan. The Johnsons do not dispute that fact. That Ford has an office in Palo Alto, California, and filed paperwork with the California Secretary of State does nothing to alter that fact. If anything, Ford's Statement of Information filed with the California Secretary of State confirms that Dearborn, Michigan is Ford's principal place of business. Dkt. No. 22-1, at 1 (identifying Dearborn, Michigan as Ford's principal address). Palo Alto is not Ford's principal place of business and the Johnsons have failed to demonstrate that Ford is "essentially at home" in the Northern District of California.

Nor could the Northern District of California exercise specific jurisdiction over Ford. In

the Ninth Circuit, three requirements must be met for a court to exercise specific jurisdiction over a nonresident defendant:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The plaintiffs bear the burden of satisfying the first two prongs. Only if they meet that burden does the burden shift to the defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* at 1068–69.

Because the venue analysis requires that the Court treat the Northern District as if it were its own state, the Court considers Ford's contacts with the Northern District. *See* 28 U.S.C. § 1391(d). Under the first prong, the plaintiffs must show that Ford "either purposefully availed itself of the privilege of conducting activities" in the Northern District, or "purposefully directed its activities toward" the Northern District. *Schwarzenegger*, 374 F.3d at 802. The Johnsons have satisfied this prong by showing that Ford purposefully availed itself of the privilege of conducting activities in the Northern District of California by maintaining an office in Palo Alto. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (holding that the inquiry is "whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts'").

But the Johnsons have failed to satisfy the second prong requiring that their claims "arise[] out of or relate to the defendant's forum-related activities." *Axiom Foods*, 874 F.3d at 1068. As Ford emphasizes, the Johnsons "do not dispute that they themselves reside in the Los Angeles area, that they purchased and/or leased the subject vehicle in the Los Angeles area, and that all repairs to the vehicle were performed exclusively in the Los Angeles area." Dkt. No. 23, at 7. The Johnsons do not identify any events related to this dispute that "arise out of or relate to" Ford's

6

contacts with the Northern District of California. Because the Johnsons have failed to satisfy their burden to establish both of the first two prongs, the Court need not reach the third prong of the personal jurisdiction analysis. The Northern District of California, when analyzed as if it were its own state, could not exercise general or specific personal jurisdiction over Ford, and Ford therefore does not "reside" in the Northern District for purpose of 28 U.S.C. § 1391(b)(1).

Finally, venue in the Northern District of California cannot be premised on any claim that "a substantial part of the events or omissions giving rise to the claim" occurred in the Northern District. 28 U.S.C § 1391(b)(2). The parties do not dispute that all of the events giving rise to the claims occurred in Los Angeles County, which is not within the Northern District. The Johnsons have not alleged a single event or occurrence giving rise to their specific claims that occurred in the Northern District.

For these reasons, the Court therefore concludes that venue in the Northern District of California is improper.

## III. Convenience and Justice Favor Transfer to the Central District of California.

Where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could been brought." 28 U.S.C. § 1406(a). "Normally transfer will be in the interest of justice because … dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 871 (N.D. Cal. 2021) (finding that transfer to the proper district rather than dismissal for improper venue was in the interest of justice). That reasoning applies here, and the Court therefore transfers this case to the Central District of California.

Discretionary transfer to the Central District of California under 28 U.S.C § 1404(a) would be appropriate even if venue were proper in the Northern District of California (which it is not for the reasons set forth above). Ford argues that transfer to the Central District is appropriate because "[v]irtually all of the events giving rise to Plaintiffs' claims occurred in Los Angeles County, as plaintiffs reside in Santa Clarita, CA, leased the Subject Vehicle there, and presented the Subject Vehicle for repairs for alleged defects at AutoNation Ford Valencia, also in Santa Clarita, CA,"

1    which is located within Los Angeles County. Dkt. No. 18-1, at 14. Additionally, Ford emphasizes
2    that counsel for each party have their sole office in Los Angeles County and Orange County,
3    respectively, and potential witnesses from the dealership where the repairs were performed are
4    located within Los Angeles County. *Id.*

5    The Johnsons do not dispute those facts. Rather, they first argue that, as plaintiffs, their
6    choice of forum should be given particular weight. Dkt. No. 21, at 10. Second, they argue that
7    "assertions regarding monetary expenses and travel burdens (as Defendant raises here) should be
8    disregarded or given little weight" because Ford is a corporation and the plaintiffs are private
9    persons. *Id.* Third, they argue that Ford "fails to provide *any* specifics as to the number of
10   potential witnesses, the nature of their inconvenience, nor even the substance of their testimonies
11   and their necessity" without which the Court cannot analyze these contentions. *Id.*

12   The Johnsons are correct that courts generally give the plaintiff's choice of forum weight,
13   and as such, that factor weighs against transfer. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.
14   1987) (observing that "great weight is generally accorded plaintiff's choice of forum"). Their
15   chosen forum, however, is not connected to the subject of the dispute, and the remaining
16   convenience factors clearly favor transfer. The plaintiffs reside in the Central District of
17   California, all the relevant events giving rise to this dispute occurred in the Central District, and
18   counsel for both parties are located in the Central District. While the Johnsons argue that Ford has
19   failed to provide specific facts about the number of witnesses, as well as the nature and substance
20   of their testimonies, the Court finds that on these facts the potential witnesses are still likely
21   located within the Central District of California. Accordingly, Ford has met its burden of showing
22   that the balance of convenience factors favors transfer.[2]

### CONCLUSION

24   For the foregoing reasons, Ford's motion to transfer venue under 28 US.C. § 1404(a) is

---

[2] It is clear that this action could have been brought in the Central District of California. 28 U.S.C. § 1404(a). The Central District of California has subject matter jurisdiction over the claims at issue based on diversity of citizenship between the parties; the Central District of California has personal jurisdiction over the parties; and venue in the Central District is proper because virtually all of the events underlying the action occurred in Los Angeles County.

granted. The clerk is directed to transfer this case to the United State District Court for the Central District of California. Ford's motion to dismiss the fraudulent inducement-concealment claim under Federal Rule of Civil Procedure 12(b)(6) remains pending for resolution by the transferee Court.

**IT IS SO ORDERED.**

Dated: December 14, 2023

P. Casey Pitts
United States District Judge